# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CARLISLE DAVIS, | No. 2:17-CV-2026-KJM-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STU SHERMAN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (Doc. 14) the petition for failure to exhaust state court remedies.

**I. BACKGROUND**

Petitioner challenges a prison disciplinary conviction which resulted in a loss of credits. See Doc. 1, p. 2 (petition). Petitioner states that he sought and was denied relief at all levels of the prison inmate appeals process. See id. at 5. Petitioner also states he did not file any state court actions concerning the disciplinary conviction, nor that any such actions were pending at the time his federal petition was filed. See id. at 5-6.

/ / /

/ / /

## II. DISCUSSION

Respondent argues the petition should be dismissed because petitioner has failed to meet his burden of establishing exhaustion of state court remedies. Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).[1] The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

In this case, petitioner has failed to demonstrate exhaustion. In fact, based on the statements contained in the petition, it is clear that petitioner has not presented his claims regarding the prison disciplinary conviction to any state court, let alone the state's highest court. By not opposing respondent's motion, petitioner appears to concede the point.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2).

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 24, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3